```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHILDREN'S HEALTH DEFENSE, et   :   CIVIL ACTION
al.                             :
                                :
         v.                     :
                                :   NO. 23-4228
THE CITY OF PHILADELPHIA, et    :
al.                             :
```

<u>MEMORANDUM</u>

Bartle, J.                                      February 7, 2024

Before the court is a constitutional challenge to a health regulation of the City of Philadelphia pertaining to vaccination of children between the ages of 11 and 18 without parental consent.

Plaintiffs are a non-profit corporation known as the Children's Health Defense as well as seven parents individually and on behalf of their minor children. The defendants are the City of Philadelphia, its Health Department and the City's Health Commissioner Cheryl Bettigole, M.D., M.P.H., in her official capacity. Plaintiffs seek declaratory relief under 28 U.S.C. § 2201 and 42 U.S.C. § 1983.

The defendants have moved to dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure or in the alternative for failure to state a claim for relief under Rule 12(b)(6).

The court first turns to the question of subject matter jurisdiction.  Once jurisdiction is challenged, the plaintiffs have the burden of proof to establish that jurisdiction exists.  Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016).  Here defendants make a facial challenge.  Accordingly, the court must accept as true all well pleaded facts in the complaint and may also take into account certain documents which are integral to or explicitly relied upon in the complaint or which are undisputedly authentic if plaintiffs' claims are based on the document.  See Const. Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

The gravamen of the complaint is a Health Department 2019 regulation which permits the city to vaccinate children between the ages of 11 and 18 without parental consent, provided the child gives consent after receiving a vaccine information sheet.  The regulation, entitled Medical Evaluation, Immunization and Treatment of Minors, provides in relevant part:

> (b) Minor's Consent to Immunization.  A person between the ages of 11 and 18 may authorize his or her own immunization, without the approval or consent of another person, to prevent occurrence of a reportable disease, infection, or condition, provided such person is capable of providing informed consent.  A parent or guardian does not need to be present at the time the

> vaccine is administered.  Written consent by
> the minor is not required, but documentation
> that the vaccine information statement (VIS)
> was provided to the vaccine recipient, and
> the publication date of the VIS, is
> required.  The health care provider may not
> be sued or held liable for providing such
> immunization to the minor if the minor has
> consented to such procedures or treatment.

In May 2021, the regulation was amended specifically to include the COVID-19 vaccine.

The plaintiff Children's Health Defense has chapters and members throughout the United States including Pennsylvania. It asserts that it is "an advocacy group dedicated to research, education, and litigation of, inter alia, governmental actions that pose a threat to the health and well-being of children." The individual plaintiffs, who are all members of the Children's Health Defense, aver that they are parents of minor children. However, only three of the seven parents allege that they have children who either attend school or live in Philadelphia where the regulation at issue applies.  There are no further details in the complaint about any harm or imminent harm to any of the plaintiffs.

Defendants first argue that the court lacks subject matter jurisdiction because plaintiffs lack standing to pursue this action.  It is axiomatic that federal courts have the power under Article III of the Constitution only to adjudicate "Cases and Controversies."  In order for there to be a case or

Case 2:23-cv-04228-HB   Document 20   Filed 02/07/24   Page 4 of 6

controversy, a plaintiff must have standing to sue. To establish standing, there must be an injury, actual or imminent, which is concrete and particularized. Transunion LLC v. Ramirez, 594 U.S. 413, 428-29 (2021). Such injury must be traceable to the challenged action and redressable by a favorable ruling. Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013).

In this action, none of the individual plaintiffs alleges any actual or imminent injury to themselves or to their minor children. Some do not even have children who attend school or live in Philadelphia. The complaint does not aver that any of the children has been vaccinated without the consent of a plaintiff parent or is in imminent danger of receiving a vaccination without parental approval. There are no allegations that these children are being pressured to submit to vaccination without involvement of their parents. Any injury or threat of injury to the individual plaintiffs whether adults or children is pure speculation.

Children's Health Defense, of which the adult plaintiffs are members, is also a plaintiff. While an organization can assert standing on behalf of its members, it must establish that at least one member would have standing. Thus it must allege that at least one member has suffered a concrete and particularized injury or there is an imminent

-4-

threat of such injury to at least one member. Summers v. Earth Island Inst., 555 U.S. 488, 498 (2009); N.J. Physicians, Inc. v. President of the United States, 653 F.3d 234, 239 (3d Cir. 2011). The complaint is devoid of any such allegations.

Plaintiffs simply rely on Booth v. Bowser to establish standing. 597 F. Supp. 3d 1 (D.D.C. 2022). That case is inapposite. In Booth, plaintiffs were parents opposed to childhood vaccinations. Id. at 7. They challenged a law passed by the Council of the District of Columbia permitting children ages 11 and older to be vaccinated without parental consent or knowledge. Plaintiffs maintained that the regulation was preempted by federal law and violated their constitutional and statutory rights. Id. at 7. The court found that the individual plaintiffs had standing. Id. at 15-16. Unlike this action, the complaint in Booth is permeated with specific allegations regarding the children's specific desire to be vaccinated. For example, one child has access to a vaccine clinic on his school's grounds and has stated that he "would take the vaccine if offered it." Id. at 14. The second child went so far as to visit a doctor without her father's knowledge and request she be vaccinated. Id. at 15-16. Though she left without being inoculated, her father alleges that she remains very interested in receiving vaccinations as she cannot attend summer camp without receiving certain vaccinations. Id. In

-5-

-6-

contrast to the pending action, the complaint in <u>Booth</u> contained plausible allegations that injuries to plaintiffs were imminent if not actual.

  This action will be dismissed for lack of subject matter jurisdiction as none of the plaintiffs has standing.